The Honorable H. Lacy Landers State Representative 524 River Street Benton, AR 72015
Dear Representative Landers:
This is in response to your request for an opinion concerning fidelity bond coverage of municipal employees. Your specific question is as follows:
 If a municipal employee who is covered by a fidelity bond writes a personal check which is returned for insufficient funds, will this affect the employee's fidelity bond?
I assume your question focuses on bond coverage under the Arkansas Fidelity Bond Program set out in A.C.A. §§ 21-2-701—711 (Cum. Supp. 1991). I assume further that the check was written to the bonded agency. It is my opinion that the answer to your question will depend upon the facts surrounding the particular bonding agreement, which may contain varying provisions. The construction of contractual bond provisions is not properly within the scope of an Attorney General opinion. Ultimately, the decision as to whether and how individual employee coverage under the bond will be affected will be a determination to be made by the Governmental Bonding Board. This being the case, we will address your question in general terms, setting out the relevant law, but cannot make any definitive conclusions about coverage of any specific bond provisions.
Arkansas Code Annotated § 21-2-704(a) establishes a self-insured fidelity bond program for state, county, municipal and school district officials and employees, to be administered by the Governmental Bonding Board. Subsection (b) provides that the bond program shall cover "actual losses" sustained by the participating governmental entities through any "fraudulent or dishonest act or acts committed by any of the officials or employees, acting alone or in collusion with others." A.C.A. §21-2-704(b). Section 21-2-708 states in pertinent part that:
 (a) It shall be the duty and responsibility of the Legislative Auditor, with the approval of the Legislative Joint Auditing Committee, to give notice and make proof of loss to the [Governmental Bonding Board] on fidelity bonds on behalf of any state, . . . county, . . . municipal . . . or school district official or employee . . . when the audit report of the records of any such official, officer, or employee reflects any shortages or other liability for which [he] may be liable.
* * *
 (c) The Legislative Auditor shall request the appropriate prosecuting attorney or the Attorney General to assist in obtaining restitution for losses.
In addition, § 21-2-709 states:
 (a) Upon receipt of the proof of loss from the Legislative Auditor, the board shall determine whether the loss is covered under the Fidelity Bond Program. If the board determines that the loss is covered under the Fidelity Bond Program, the Insurance Commissioner shall authorize fidelity bond loss payments from the fund to the participating governmental entity on a timely basis. All vouchers for bond claim payments shall include as supporting documents a copy of the payment recommendation by the State Risk Manager and a copy of the proof of loss from the Legislative Auditor. . . .
Thus, with respect to losses sustained under the bond program, the Legislative Auditor, with the approval of the Legislative Joint Auditing Committee, has the statutory responsibility to give notice and make proof of loss to the Governmental Bonding Board. A.C.A. § 21-2-708(a). Once a loss is referred to the board, it is the board's responsibility to "determine whether the loss is covered under the Fidelity Bond Program." A.C.A. §21-2-709(a). The Legislative Auditor also has the responsibility to request the prosecuting attorney to assist in obtaining restitution for losses. A.C.A. § 21-2-708(c).
There are several factors to be considered by the Governmental Bonding Board in determining loss coverage. One issue is whether an "actual loss" was sustained under the terms of A.C.A. §21-2-704(b). This term is not defined in the act. Reference would therefore likely be made to the particular bond provisions.
Another issue which would likely be taken into consideration would be whether the employee's act was one of fraud or dishonesty under the terms of the act. Again, these terms are not defined in the act, and the particular bond provisions would have to be referenced by the board for definitional guidance. It may be contended that if a person writes a check which is drawn on insufficient funds, fraud can be presumed under the provisions of the Arkansas Hot Check Law. See A.C.A. §§ 5-37-302—307 (1987 
Cum. Supp. 1991). Section 5-37-304 (Cum. Supp. 1991) states that it is prima facie evidence that the maker intended to defraud and knew at the time of the making of the check that it would not be honored if the check bears the endorsement or stamp of a collecting bank indicating the instrument was returned because of insufficient funds. Section 5-37-303 requires, however, that the drawer of the check be notified that the check was dishonored, and that he be given ten days to tender payment for the check plus a service charge.
Accordingly, with regard to your question, if the check is dishonored for insufficient funds and the employee does not tender payment to the holder of the check, it may be that the presumption of fraudulent intent would attach and a loss, which is attributable to a "fraudulent act of an employee," would have occurred. If this shortage is thereafter referred to the bonding board, an "actual loss" may likely be deemed to have occurred. If, however, the employee promptly makes the dishonored check good by reimbursing the holder, then the governmental entity in all likelihood would have suffered no loss.
While it is apparent that I cannot offer a conclusive response to your question, due to the factual issues involved, the foregoing offers general guidance in addressing the matter.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh